IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALDO ARMIJO,

    Petitioner,

v.                                                                                                             Civ No. 20-0034 KG/JFR

CURRY COUNTY DETENTION CENTER,

    Respondent.

MEMORANDUM OPINION AND ORDER

    Before the Court is Reynaldo Armijo's letter raising a civil rights violation. (Doc. 1). Armijo alleges the state court has not held an arraignment hearing following his December 9, 2019 arrest. The Court construes the letter as a 28 U.S.C. § 2241 habeas petition, which is "the proper avenue … to challenge pretrial detention." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Relief is only available under Section 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Moreover, "[a] habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under [Section] 2241." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). *See also Bohanon v. Schnurr,* 2018 WL 5778962, at *1 (10th Cir. Nov. 1, 2018) (affirming *sua sponte* dismissal for failure to exhaust state remedies). Generally, "[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

    Based on the state docket[1] and the letter, it plainly appears Armijo is not eligible for

---

[1] The Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Stack v.*

federal relief. The state docket reflects Armijo was arrested on December 9, 2019 for failure to pay fees or fines previously imposed by the Curry County Magistrate Court. *See* Order on Failure to Pay Fees and Fines entered December 11, 2019 in Case No. M-12-TR-2019-00562. Two days later, the state court held a "Failure to Pay Hearing" and confined Armijo to jail in lieu of payment. *Id*. The Order – which Armijo signed along with the state judge - reflects Armijo appeared at the hearing and understood his options. *Id.* Hence, the state record controverts Armijo's allegation that he did not receive an arraignment-type hearing.

The state docket also clearly reflects that Armijo has not exhausted state remedies. He did not file a state habeas petition or even raise his concerns through a motion in the pending criminal matter. *See* Docket Sheet in Case No. M-12-TR-2019-00562; *Cf Hall v. Pratt,* 97 Fed. App'x 246, 247 (10th Cir. 2004) (Allowing inmates to "bring claims in habeas proceedings that they have not yet, but still could bring in the trial court, would result in needless duplication of judicial work and would encourage judge shopping").

For these reasons, the Court will dismiss the letter for failure to state a claim for federal relief. Because Armijo has not had an opportunity to raise his claims in detail, the Court will grant leave to file an amended petition within 21 days of entry of this Order. Armijo is reminded that the Court will not intervene in his ongoing state criminal proceeding, if at all, until he exhausts available state remedies. If Armijo elects to amend the petition, he must also prepay the $5 filing fee or, alternatively, file a motion to proceed *in forma pauperis*. The failure to timely amend <u>or</u> address the filing fee will result in dismissal of this case without prejudice.

---

*McCotter*, 79 Fed. App'x 383, 391-92 (10th Cir. 2003) (state docket sheet subject to judicial notice).

IT IS ORDERED:

1. Armijo's letter (Doc. 1), which the Court construes as a habeas corpus petition under 28 U.S.C. § 2241, is dismissed without prejudice.

2. Armijo may file an amended petition within twenty-one (21) days of entry of this Order.

3. If Armijo elects to amend the petition, he must prepay the $5 filing fee or, alternatively, file a motion to proceed *in forma pauperis*.

4. The Clerk's Office shall mail Armijo a copy of the form Section 2241 petition and the form motion to proceed *in forma pauperis*.

_____
UNITED STATES DISTRICT JUDGE