IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALDO ARMIJO,

    Petitioner,

v.                                                     Civ No. 20-0034 KG/JFR

CURRY COUNTY DETENTION CENTER,

    Respondent.

## ORDER OF DISMISSAL

This matter is before the Court following Reynaldo Armijo's failure to amend his habeas petition. Armijo initiated this case by filing a letter raising civil rights violations. (Doc. 1). He alleged the state court did not conduct an arraignment hearing following his December 9, 2019 arrest for failure to pay fees/fines. The Court construed the letter as a 28 U.S.C. § 2241 habeas petition, which is "the proper avenue … to challenge pretrial detention." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

By a Memorandum Opinion and Order entered January 28, 2020, the Court dismissed the letter for failure to state a claim for federal relief. (Doc. 3). The state court docket reflects that Armijo received a "Failure to Pay Hearing" two days after his arrest. *See* Order on Failure to Pay Fees and Fines entered December 11, 2019 in Case No. M-12-TR-2019-00562. The state docket also plainly reflects that Armijo did not exhaust state remedies before seeking federal habeas relief. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (extending exhaustion requirement to Section 2241 petitions). Consistent with the liberal *pro se* pleading standards, the Court allowed Armijo to amend his petition on or before February 18, 2020. (Doc. 3) at 2. He was warned that the failure to timely respond will result in dismissal of this

case without prejudice. *Id.*

Armijo did not respond to the Memorandum Opinion and Order. The ruling was returned as undeliverable with the notation: "Addressee Not Here." (Doc. 4) at 1. The Curry County Detention Center "Inmate Inquiry" website also reflects Armijo was released from custody. *See* http://lookup.curryjail.com/. Hence, the Court will dismiss this case as moot and without prejudice.

IT IS ORDERED that this Reynaldo Armijo's 28 U.S.C. § 2241 proceeding is dismissed without prejudice; and the Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE